
UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Docket No. |
| v. | : | #04-0235 |
| La'Von D. Dobie | : | |

MOTION FOR REDUCTION OF SENTENCE PURSUANT TO
18 U.S.C §3582(c)(2)

AND NOW COMES _____ pro se and hereby prays and respectfully moves this Honorable Court to consider this case for reduction of sentence pursuant to Title 18 U.S.C. §3582(c)(2), pursuant to U.S.S.G. Section 1B1.10, Amendment 706, Effective November 1, 2007, and made retroactive effective March 3, 2008.

### I. BACKGROUND

On August 31, 2006, defendant was found guilty by a jury of an Indictment charging the defendant with 100 grams of heroin, 200 grams of cocaine / five (5) grams of cocaine base, in violation of 21 U.S.C. §846(a)(1) and (b)(1)(A).

At the sentencing on December 19, 2006 the Court sentenced defendant to a term of 146 months' imprisonment, 5 years' supervised release, e and a Special Assessment of $400.00. Defendant received a 146 month term of imprisonment based upon a finding of drug quantity of at least 5 grams but less than 50 grams of cocaine base. This resulted in a base offense level of 28. Defendant's Criminal History Category scored at IV.

. This Court imposed a 146· month term of imprisonment.

## II. CONSIDERATION FOR REDUCTION OF SENTENCE

Title 18 U.S.C. §3582(c)(2) provides that "...upon motion of the defendant..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (Relevant portion)

In this situation, the Sentencing Commission lowered the cocaine base section of the Sentencing Guidelines, effective November 1, 2007, Amendment 706. The Sentencing Commission also recommended that Amendment 706 be made retroactive, effective March 3, 2008. U.S.S.G. §1B1.10(a) provides, "[w]here a defendant is serving a term of imprisonment and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the guidelines [that is specifically referenced in §1B1.10(d)], a reduction in defendant's term of imprisonment may be considered under 18 U.S.C. §3582(c)(2)." The November 1, 2007 amendment to §2D1.1, i.e., Amendment 706, has specifically been made retroactive effective March 3, 2008. Thus, this Court **may consider** a reduction of defendant's sentence pursuant to Amendment 706. Defendant does realize that such a reduction is not mandatory but is instead committed to the sound discretion of this Court.

With respect to the factors to be considered pursuant to §3553(a), defendant submits that he has been engaged in post-sentencing rehabilitative efforts, as exemplified in the attachments hereto. Section 3553(a) lists

-2-

the factors to be considered in imposing a sentence, including defendant's post-amendment guidelines range, and defendant prays and moves the Court to consider his personal and offense characteristics along with his rehabilitative efforts, and declare that defendant merits a sentence reduction, and GRANT his motion. Defendant is aware that this Court cannot impose a sentence lower than any statutory minimum penalty, in this case ___ months imprisonment. Defendant's post-amendment guidelines range is ___ months' imprisonment. However, this Court **cannot** impose a sentence lower than ___ months as required by statute.

Done this __3rd__ day of __March__, 2008.

Respectfully Submitted,

*[signature]* La'Von D. Dobie #38360-037
P.O. Box 3000 (SFF) J2-103L
Bruceton Mills, WV 26525
- Pro Se

La'Von D. Dobie #38360-037
SFF - HAZELTON - J2-103L
P.O. Box 3000
Bruceton Mills, WV 26525

-3-