IN THE UNITED STATES DISTRICT COURT

FOR THE _United States_ DISTRICT OF _Maryland_

_____ DIVISION

_La'Von D. Dobie_
Petitioner/Defendant,    )
                         )
                         )
Versus                   )
                         )
THE UNITED STATES OF AMERICA,  )
                         )
Respondent               )
                         )
_____      )

CRIMINAL CASE No. _04-0234_

**MOTION OF PETITIONER FOR MODIFICATION OR REDUCTION OF SENTENCE BASED UPON AN INTERVENING POST-SENTENCING CHANGE IN THE UNITED STATES SENTENCING GUIDELINES PERTAINING TO COROLLARY CRIMINAL HISTORY CATEGORY (AMENDMENT 12) WHICH EFFECTIVELY LOWERS PETITIONER'S TERM OF IMPRISONMENT**

NOW INTO COURT COMES the Petitioner and Defendant herein, _La'Von D. Dobie_ appearing in and of her own behalf, as a **pro se** litigant, and respectfully moves this Honorable Court for an **ORDER** modifying and thus reducing her sentence of _One-forty-six months (146 mo.)_ imprisonment, pursant to this Honorable Court's jurisdictional authority as set forth and as containged in 18 United States Code § 3582 (c) (2).

### I. STATEMENT OF THE CASE

Petitioner/defendant in the underlying above-number criminal case, was sentenced by this Honorable Court, on or about _December 19th, 2006_. Petitioner was sentenced by this Honorable Court to a term of imprisonment of _146_ months, at Offense Level _28_, with a Criminal History Category of _IV_, followed by

a term of Supervised Release of _____5_____ years. Petitioner is currently incarcerated.

Any detailed or extended statement of the facts of the case would be improper and unavailing, on the ground that Petitioner's instant motion for sentence reduction is, as a matter of law, a continuation of the criminal case and is not a civil post-conviction relief pleading. See, e.g., **Unidted States v. Fair**, 326 F.3d 1317 (11th Cir. 2003), followed by the overwhelming sister circuits. Therefore, Petitioner herein does not seek to intorduce new evidence or to argue or litigate the facts of the case. To the contrary, Petitioner's instant Motion pursuant to 18 United States Code § 3582 (c) (2) seeks a reduction of her term of imprisonment as a result of an intervening, post-sentencing change of the United States Sentencing Guidelines [hereinafter "USSG" or "the Guidelines"]. However, the current **Advisory** Guidelines apply.

## II. AMENDMENTS TO THE GUIDELINES

On May 1, 2007 the United States Sentencing Commission [hereinafter "USSC" or "the Commission] sent to the United States Congress proposed changes to the Guidelines, which included **interalia**, Amendment 12. The Criminal History to the Sentencing Guidelines -- Amend. 12 -- will effectivaly reduce Petitioner's sentence by two (2) Offense Levels -- from the current level __28__ to a Level __26__. The Commission stated in its "Reason for Amendment:

> The Commission identified as a policy **priority** for amendment cycle ending May 1, 2007, "continuation of it's work with congressional, executive, and judicail branches of the government and other interested parties on cocaine sentencing policy, "including re-evaluating the Commission's 2002 report to Congress, **Cocaine and Federal Sentencing Policy**. [See, AMENDMENTS TO THE SENTENCING GUIDELINES, pp. 45-46]

-2-

Clearly, the Sentencing Commission recognizes the policy priority which should be accorded the disparities surrounding corollary criminal history. Petitioner respec- submits that this Honorable Court so too will accord the same or similar priority stat- us in ruling upon Petitioner's instant motion fro a reduction in sentence.

The Criminal Histroy Category (Amendment 12) to the Sentencing Guidelines addre- sses two critical areas of Chapter Four criminal history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score. It is respectfully requested that this Honorable Court grant unto Petitioner such other and further reduction of her sentence resulting from the Criminal History Category Amend. 12.

### III. BASED UPON THE SUPREME COURT'S BOOKER DECISION ABOLISHING THE MANDATORY SENTENCING GUIDELINES IN ALL CONTEXTS THE BOOKER ADVISORY GUIDELINES APPLY TO PETITIONER'S INSTANT § 3582(c) MOTION FOR SENTENCE REDUCTION, THUS EMPOWERING THIS HONORABLE COURT TO CONSIDER THE § 3553(a) FACTORS, CALCULATE A NEW GUIDELINE RANGE AND RESENTENCE PETITIONER ACCORDINGLY

This Honorable Court in resentencing Petitioner herein, pursuant to this instant 18 U.S.G. § 3582(c)(2) to account for a post-sentencing U.S. Sentencing Guidelines amen- dment that reduces the applicable range of punishment, must apply the Guidelines as advis- ory, even though the old mandatory Guidelines were in effect at the time of Petitoner's original sentencing in this Court.

In **United States v. Hicks**, 472 F.3d 1167 (9th Cir. 2007), the U.S. Court of Appeals for the Ninth Circuit held that where, as here, a defendant filed a motion to reduce his sentence pursuant to 18 U.S.G. §994(o), the Guidelines must be applied in an advisory manner. According to the Ninth Circuit's analysis, '**a mandatory system is no longer an open choice**', as a result of the Supreme Court's decision in **United States v. Booker**, 543 U.S. at 263. Clearly, this Court, in resentencing Petitioner, has the discretion, pursuant to the now **advisory Guidelines**, to consider the factors set forth in § 3553(a), and calculate a new Guideline range, and issue a new sentence, accordingly.

-3-

## IV. CONCLUSION

For the foregoing and aforestated reasons, Petitioner herein respectfully requests this Honorable Court to apply the advisory Sentencing Guidelines to the instant resentencing 18 U.S.C § 3582 (c)(2) proceedings, notwithstanding that the old, mandatory Sentencing Guidelines were in force and effect at the time of this Court's orginal sentencing of Petitoner. Thus applying the post **Booker** advisory Guidelines and considering the factors set forth in § 3553(a), Petitioner requests this Honorable Court to apply a newly calculated range and then determine an appropriate sentence for Petitioner, accordingly.

Petitioner further prays that this Honorable Court will grant unto her such other and further relief as may be deemed just and proper under the circumstances.

Respectfully submitted,

LA'Von D. Dobie #38360-0:
SFF-Hazelton (Z-103L)
P.O. Box 3000
Bruceton Mills, WV 26525

## CERTIFICATE OF SERVICE

I, _____ pro se, hereby certify that on

I served upon the following interested paryt, a true copy of the foregoing MOTION

FOR MODIFICATION OR REDUCTION OF SENTENCE, by United Stated Mail, First-Class,

postage prepaid, as follows:

Honorable Judge Roger W. Titus

_____
Petitioner/Defendant, pro se

FUTHERMORE, for the reasons stated above the Petitioner prays to the Honorable

Court to correct any procedurla defaults in holding with **Haines v. Kerner 404 U.S.
519, 92 S. ct. 594, 30 L. Ed. 2d. 652,** "Allegations of pro se complaint are held to

be less stringent standards than formal pleadings drafted by lawyers.

-5-

### ADVISORY GUIDELINES APPLY TO PETITIONER'S/DEFENDANT'S INSTANT 18 § 3582(c) MOTION FOR SENTENCE REDUCTION, THUS EMPOWERING THIS HONORABLE COURT TO CONSIDER THE § 3553(a) FACTORS, CALCULATE A NEW GUIDELINE RANGE AND RESENTENCE PETITIONER/DEFENDANT ACCORDINGLY

This Honorable Court in resentencing Petitioner/Defendant herein, pursuant to this instant 18 U.S.C. § 3582(c)(2) to account for a post-sentencing U.S. Sentencing Guidelines amendment that reduces the applicable range of punishment, must apply the Guidelines as advisory, even though the old mandatory Guidelines were in effect at the time of Petitioner's/Defendant's original sentencing in the Court.

In *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), the U.S. Court of Appeals for the Ninth Circuit held that where, as here, a defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which permits a District Court to resentence a defendant whose sentencing range has been lowered by the Sentencing Commission pursuant to 18 U.S.C. § 994(o), the Guidelines must be applied in an advisory manner. According to the Ninth Circuit's analysis, "a mandatory system is no longer an open choice", as a result of the Supreme Court's decision in *United States v. Booker*, 543 US 220, 160 L Ed 2d 621. Clearly, this Court, in resentencing Petitioner/Defendant has the discretion, pursuant to the now advisory Guidelines, to consider the factors set forth in § 3553(a), and calculate a new Guideline range, and issue a new sentence, accordingly.

### CERTIFICATE OF SERVICE

I, La'Von D. Dobie, hereby certify that on March 10, 2008, mailed via certified U.S. postal service, I ~~served upon the following interested~~ party a true copy of the foregoing MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE, by United States Mail, First-Class, postage prepaid, as follows:

Petitioner/Defendant #38360

La'Von D. Dobie #38360 037
SFF- J2103
P.O. Box 3000
Bruceton Mills, WV 26525