```
 1            UNITED STATES DISTRICT COURT OF MARYLAND
                     SOUTHERN DIVISION
 2
   -----------------------x
 3 UNITED STATES OF AMERICA  :
           Plaintiff        :
 4                          :
                            :
 5 vs                      :Criminal Action:    RWT-04-0235
                            :
 6                          :
   PAULETTE MARTIN, et al   :
 7          Defendants.      :
   -----------------------x
 8

 9                        Friday,  August 11 , 2006
                          Greenbelt, Maryland
10
         The above-entitled action came on for a Jury Trial
11 Proceeding before the HONORABLE ROGER W. TITUS, United
   States District Judge, in courtroom 4C, commencing at
12 2:15 p .m.

13       THIS TRANSCRIPT REPRESENTS THE PRODUCT
         OF AN OFFICIAL REPORTER, ENGAGED BY
14       THE COURT, WHO HAS PERSONALLY CERTIFIED
         THAT IT REPRESENTS THE TESTIMONY AND PROCEEDINGS
15       OF THE CASE AS RECORDED   AND REQUESTED BY COUNSEL.

16       APPEARANCES:

17       On behalf of the Plaintiff:

18       BONNIE GREENBERG, Esquire

19       On behalf of the Defendants:

20       MICHAEL  MONTEMARANO , Esquire
         ANTHONY MARTIN, Esquire
21       MARC HALL, Esquire
         TIMOTHY MITCHELL, Esquire
22       PETER WARD, Esquire
         EDWARD  SUSSMAN , Esquire
23       HARRY  MCKNETT , Esquire

24

25 Tracy Rae Dunlap,  RPR , CRR            (301) 344-3912
   Official Court Reporter
```

1                          I N D E X

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23                                              Page

24 Reporter's Certificate                        32

25 Concordance                                   33

1          MR.  SUSSMAN :  Judge , a quick matter .  I spoke

2 with Ms. Hard en, and she is stuck on the Belt way.  I

3 asked her if she had any problem for waivi ng her

4 presence for purpose s of the decision .  She agreed .

5          THE  COURT:   This isn't a decision .  This is a

6 question .

7          Do you have copies of the question ?

8          Let me first review the one for Juror 3, which

9 says , "If as a jury we find unanimous  -- a unanimous

10 verdict for some of the defendant s but not all , do all

11 the defendant s get a new trial or just the defendant s

12 we don't reach a verdict on?"

13          I will say we would prefer you reach a unanimous

14 verdict on all defendant s on all count s, but if you are

15 unable to do so, our rule s provide you may return a

16 verdict at any time as to a defendant  about whom you

17 have agreed , or if there 's multiple count s on a

18 defendant , you may return a verdict on all the count s

19 on which you've agreed,   which is reading to them Rule

20 31(b)(12 ).  Any problem with that ?

21          MS.  GREENBERG:   Your Honor , just two quick

22 thing s.  If the court could answer that more

23 specifically just so they know that that defendant will

24 not receive a new trial as to the count s that you've

25 agreed upon .  But if you could also en courage them to

1  consider  all  the  count s  as  to  all  the  defendant s --

2         THE  COURT:   I said I would  do  that .

3         MS.  GREENBERG:   --   and  continue  deliberation s.

4         THE  COURT:   I will  tell  them  my  strong

5  preference  is  that  you  reach  unanimous  verdict s  on  all

6  count s  as  to  all  defendant s,  but  your  question  was  what

7  happens  if  we  can't,  but  we're  not  there  yet.      If  we  do

8  get  to  that  point,   I  want  you  to  know  we  can  receive

9  verdict s  on  defendant s  on  count s  on  which  you  can

10  agree ,  but  there  will  not  be  a  new  trial  of  all

11  defendant s  simply  because  you  cannot  reach  a  verdict  on

12  some  count s  or  on  some  defendant s,  just  on  those  as  to

13  which  there  was  an  inability  to  agree .   All  right ?

14         Now ,  on  the  other  question ,  which  isn't  the

15  clear est --

16         MR.  MITCHELL:   May  I  make  a  suggestion ?   I  know

17  your  word ing  was  that  you  strong ly  prefer  they  come  up

18  with  a  unanimous  verdict .   I  would  suggest  perhaps  that

19  they  are  strong ly  "encourage d."

20         THE  COURT:   Okay .   I  will  say  they're

21  encourage d.

22         MR.  MITCHELL:   They 're  en courage d  to  reach  a

23  unanimous  verdict ,  not  that  Your  Honor  or  the  court  is

24  seek ing --

25         THE  COURT:   Okay .

1          MR. MCKNETT :   Your Honor ?

2          MR. MITCHELL:   That 's the only correction  or

3    suggestion  I have .

4          THE COURT:   Okay .

5          MR. MCKNETT:   I would suggest the court maybe

6    should instruct them that they should not concern

7    themselves with what may happen after they're

8    dis charge d.

9          THE COURT:   They've asked the question .  I think

10   it's a straight  answer to them .

11         MR. MONTEMARANO:   Your Honor , there are some

12   question s that would n't be answered if they said , "If

13   we convict Ms. Martin on Count One, how much time    would

14   she get ?"  You're not going to answer that question.

15         THE COURT:   I'm not going to answer that

16   question.

17         MR. MONTEMARANO:   Exactly.

18         I think Mr. McKnett 's question is, that's a

19   question that run s closer to  one end to the other of

20   the spectrum  as to whether --

21         THE COURT:   They want to know, do all the

22   defendants get a new trial  .  The only thing I'm  going

23   to answer them is,  as to any defendant  or any count on

24   which they are not able to reach an agreement , that

25   would potential ly have to be retried .  But as to those

1 on which they do reach agreement , the case is concluded

2 as to those defendant s or those count s, period .

3        MR. MCKNETT :   Your Honor , my concern is that

4 it's not necessarily auto matic that there would be a

5 retrial on the count s where there is no verdict

6 return ed on .   I just don't think it's within their area

7 of concern as to what would happen if they return ed a

8 non- verdict .

9        THE COURT:   Well , if there 's a mis trial , the

10 case would be, in the ordinary course of thing s, set

11 for a new trial .   The prosecutor of course could elect

12 not to proceed , but I don't see how I'm supposed to go

13 into that kind of a question .

14        MR. MCKNETT :   I don't believe it should be of

15 any concern to them what would happen to anybody for

16 whom there might be a mis trial .   It's just not an issue

17 that they should address .

18        THE COURT:   Their real question is , do all the

19 defendant s get a new trial simply because they can't

20 reach an agreement on some defendant s.   I think that

21 ought to be answered , "No."

22        MR. MCKNETT :   That 's fine .

23        THE COURT:   I mean , they may be worried -- I

24 mean , there may be some of you out there who think ,

25 gee , I have a chance of being acquitted and I'd like to

1 be acquitted but I don't want to have them suddenly

2 convict me for fear that acquitting me is going to

3 result in everybody having a new trial. They're trying

4 to get an answer to that question. I think they're

5 entitled to get an answer to that question.

6        MR. SUSSMAN:   I was just going the add.  With

7 regard to that note, you can tell them that each

8 defendant gets separate consideration and then, "no."

9        MS. GREENBERG:   No objection to that, Your

10 Honor.

11        MR. SUSSMAN:   Pardon?

12        MS. GREENBERG:   No objection.

13        THE COURT:   All right. The question from Juror

14 10. This isn't the clearest question in the world,

15 but let's take the first sentence. I think it's rather

16 clear that they do not need to find the defendant

17 responsible for all objectives of the conspiracy, and

18 the way the questionnaire is written, they first have

19 to answer the question as to each individual defendant

20 whether they were -- the type of substance involved and

21 that if they only find it as to one substance they

22 don't answer it on the other substances. I think

23 that's the answer to that question.

24        MS. GREENBERG:   Judge, I would direct you to

25 Page 53 of your jury instructions.

1          THE  COURT:   Page  53?   Wait  a  minute.

2          MS.  GREENBERG:   The  court  said  --

3          THE  COURT:   Wait  a  minute.   Wait  a  minute.   Let

4  me  get  there.   Okay.

5          MS.  GREENBERG:   In  the  middle  of  the  full

6  paragraph  on  that  page,  the  court  said,  "On  the  other

7  hand,  the  government  need  not  prove  all  of  the

8  objectives  of  the  conspiracy  for  you  to  find  the

9  defendant  guilty  of  the  conspiracy  count.   It  is

10  sufficient  if  you"  --

11         THE  COURT:   I  don't  think  they're  asking  that

12  question.   They're  asking  a  different  question.

13  They're  saying,  hey,  if  I  find  them  guilty  on  Count

14  One,  do  I  have  to  give  quantities  on  all  the  different

15  quantities?   The  answer  is  no,  you  give  it  on  the

16  quantity  you  found  they're  involved  with.

17         MR.  MARTIN:   That's  not  how  I  read  it,  Your

18  Honor.

19         MR.  MITCHELL:   That's  not  how  I  read  it,  Your

20  Honor.

21         THE  COURT:   I  said  this  wasn't  the  clearest

22  question  in  the  world.

23         MR.  MARTIN:   The  way  I  read  it  Your  Honor  is  if

24  someone  is  not  involved  with  all  three  drugs  but  we

25  think  that  the  person  may  be  involved  with  just  one  but

1 may have had knowledge of somebody dealing with the

2 other, is that enough to find them guilty of the

3 conspiracy.

4         THE COURT:   That's correct.

5         MR. MARTIN:   I think that's --

6         THE COURT:   That's the second question they're

7 asking, and they're saying even if that defendant did

8 not personally deal with each of the drugs but had

9 knowledge, the answer is, "No, only those to which you

10 find that the defendant had knowledge," is the way I

11 was going to answer it.

12         So if the defendant had -- take, for example,

13 somebody who's buying powder cocaine or is involved in

14 only powder cocaine.  There's not been one iota of

15 evidence linking that person directly or

16 circumstantially to anything other than powder cocaine.

17 I think they want to know, are they responsible if they

18 didn't personally deal with the other drugs.  The

19 answer would be, they could if they had knowledge, but

20 if they had no knowledge whatsoever of any other

21 objective of the conspiracy and never touched it and

22 never had any knowledge of it, the answer is no.

23         MS. GREENBERG:   Judge, I think there are two

24 questions here, and I think it's -- it would be

25 important to answer -- if you're not going to re-read

1 the jury instruction, the first question is, do we have

2 to find that each such defendant is responsible for all

3 objectives, controlled substances of the conspiracy?

4 The answer is no, you only need find one.

5         THE COURT:   Right.   Only one or more of the

6 objectives.

7         MS. GREENBERG:   And you don't have to find they

8 personally deal with it.   It's reasonable

9 foreseeability.

10         MR. MITCHELL:   Your Honor --

11         MR. MONTEMARANO:   Your Honor --

12         MR. MITCHELL:   I don't think that's what it

13 says.   It's one sentence.   That's the problem I think

14 we're having here.   It's one sentence, and there's no

15 period until the very question mark.   So it's -- if you

16 read it all in one, what they're asking is, if we find

17 someone guilty of Count One, can we find them guilty of

18 other drugs or must we -- yes, must we find them guilty

19 of the other drugs if they merely had knowledge but

20 didn't deal in it.   That's the way I read it.

21         MR. MONTEMARANO:   I think Mr. Mitchell is

22 correct.   I would ask Your Honor to consider this

23 question in conjunction with the verdict form, which is

24 where the question arises from.

25         THE COURT:   It came from questions 7 and 12.

1          MR. MONTEMARANO :  I think  if you  look  at  any  of

2  those  question s and  if you  read  this  not  as an  attorney

3  -- because  we attorney s understand  it and  we attorney s

4  draft ed it -- and  rather  as a  layman , if you  the  find

5  the  defendant  Learley  Goodwin  guilty  of  Count  One , how

6  do  you  find  as to  the  type  of  controlled  substance

7  involve d?  It's  not  absolute ly  clear .

8          If you  look  at  the  next  question s that  they  can

9  find  no  involve ment  as to  particular  substance s with

10  regard  to this  defendant  versus  that  defendant , I think

11  it actual ly is a  question  that  stem s less  from  Question

12  7 and  more  from  Question  8.  If you  find  heroin

13  involve d in the  conspiracy , it doesn't  mean  it's

14  involve d as to  all  member s of  the  conspiracy  and

15  like wise  crack  and  like wise  cocaine .

16          THE  COURT:  That 's the  way  the  questionnaire   is

17  structure d is to  make  it  clear .

18          MR. MITCHELL:  Your  Honor , I think  they're

19  talk ing  about  each  defendant .  If they  find  one  of the

20  drug s and  they  had  knowledge  of the  other  two , can  we

21  find  -- that  is what  -- the  way  I interpret  this .

22          MR. MCKNETT:  Your  Honor , I think  the  ambiguity

23  -- and  I think  Mr. Montemarano  correct ly point ed  out

24  that  lawyer s drafted  this  and didn't  read  it from  the

25  point  of view  of a  lay  person , and  I think  there  is

1  ambiguity  unfortunate ly  in  the  two  example s.

2         Question  7:  If  you  find  the  defendant  --

3  Question 8:   If  you  find  the  defendant  Learley  Goodwin

4  guilty  as  to  Count  One  and  if  you  find  that  heroin  was

5  involve d  --  I  think  the  ambiguity  is  there .   It  does n't

6  say ,  is  heroin  involve d  in  the  conspiracy  or  was  heroin

7  involve d  with  regard  to  Mr.  Good win.

8         MR.  MONTEMARANO :   If  you  find  Mr.  Good win  to  use

9  an  example ,  guilty  of  the  conspiracy ,  and  you  find  Mr.

10  Good win  was  involve d  with  heroin ,  then  how  much ?   That

11  linkage  of  those  two  part s  is  pate ntly  clear  to  us.

12         THE  COURT:   The  conspiracy  is  said  to  have  had

13  three  objectives .   The  jury's  been  instruct ed  that  they

14  may  find  the  defendant  guilty  of  that  conspiracy  if

15  they  find  one  or  more  of  those  objectives  was  involve d

16  in  involving  this  defendant .

17         MR.  MONTEMARANO :   That's  exactly  it.   They  need

18  to  have  it  clarif ied  that  a  defendant 's  involve ment

19  must  be  tie d  to  one  or  two  or  three  of  the  objectives

20  as  they  choose ,  if  they  find  them  guilty ,  and  I  don't

21  think  that  linkage  has  been  adequate ly  demonstrate d.

22  Hence ,  this  question .   I  think  it's  simply  a  failure  on

23  our  part  to  insure  that  these  lay  people  who  according

24  to  the  jury  question naire  not  un educate d  and  understand

25  what  we  take  for  grant ed ,  because  we've  all  been  do ing

1 this for a while.

2          THE COURT:  Let me put it this way.  The

3 indictment charges the conspiracy of all three.

4 They've been instructed that they may find in the

5 alternative one, two or all three as objectives.

6          Perhaps it would be clarifying to tell them

7 where it says, if you find that heroin was involved, it

8 should really be, if you find that Goodwin was involved

9 in the heroin objective of the conspiracy.

10          MR. MONTEMARANO:  Yes, that's exactly it.

11          MR. MITCHELL:   I think what the jury wants to

12 know is, what if -- and this is the --

13          THE COURT:  What?  I'm sorry.  Say again.

14          MR. MITCHELL:   This is what I think the juror is

15 asking.  What if -- sorry to use Mr. Goodwin, but we

16 will continue with Mr. Goodwin.  What if Mr. Goodwin,

17 they find, was involved in cocaine base but knew that

18 there was heroin also being distributed?  The question,

19 the last part of it, did not personally deal with each

20 of the drugs but may have had knowledge.  I think their

21 question is if they -- if he knew that there was heroin

22 also being dealt, is he also guilty of the heroin, even

23 though --

24          THE COURT:  He can be found guilty of an aspect

25 of the conspiracy of which he had knowledge even if he

1  didn't  personally  deal  with  it.

2          MR.  MITCHELL:    That's what  they're  asking ,  I

3  think .

4          MR.  MONTEMARANO :   The  question  is, if  he  had  no

5  knowledge .    That ,  I  think ,  is --

6          MS.  GREENBERG:    Your  Honor ,  what  they're  missing

7  is --

8          MR.  MONTEMARANO :   Excuse  me ,  Ms.  Green berg .

9          THE  COURT:   I'm  sorry ?

10         MS.  GREENBERG:    What  they're  asking  and  what

11 they're  asking  the  court  to  do  is  the  juror  is

12 assuming ,  for  sake  of  this  note  they've  already  found

13 the  conspiracy .   Now  we're  get ting  to  the  Apprendi

14 language ,  and  I  don't  think   that  the  change s  that  the

15 defendant s  are  suggesting   are  correct .

16         THE  COURT:   The  question  is ,  do  we  find  him

17 responsible   for  all  objectives ?   And  the  answer  is  no.

18         MR.  MARTIN:   Exact ly .

19         MR.  MONTEMARANO :   Your  Honor ,  I'm  not  suggest ing

20 any change s  to  the  language .   I'm  try ing  to  assist  the

21 court  and  other  counsel  in  the  courtroom  in

22 understand ing  the  question ,  because  it  is  very  clear

23 that  with  nine  attorney s  in  this  courtroom  -- ten  if  we

24 count  Mr.  Krinsky  --  we  have  at  least  five  different

25 opinion s  to  what  this  question  mean s,  and  that's  all  I

1  was trying to explain.   How the court resolves it is

2  somewhere we're not at yet, but I think they are asking

3  a question about someone's involvement in an objective

4  of the conspiracy, an objective of which they had

5  knowledge as opposed to an objective which they did not

6  have knowledge.

7       It says here, "Even if that defendant did not

8  personally deal with each of the drugs but may have had

9  knowledge."

10       MR. MITCHELL:   The bottom line is that they only

11  need find one of the objectives.   That's, I think, what

12  the court instructed initially, and that may help.

13       MR. MONTEMARANO:   I think you need to refer them

14  back to the definition of "conspiracy" and whether mere

15  knowledge is enough, which it is not.

16       MS. GREENBERG:   Judge, I disagree.   The first

17  part of the question says, "Assuming we have now found

18  the defendant guilty of conspiracy."   This juror is

19  looking to what we all looked at after Apprendi, and

20  these jurors are not lawyers.   We found this person

21  guilty of conspiracy.   Now tell us what to do next, and

22  what the court has already suggested, I think, is

23  appropriate.

24       THE COURT:   They're saying, we found him guilty

25  of conspiracy, which means they've looked at this and

1  they found a combination agreement and they found all

2  the thing s that are necessary for conspiracy , but this

3  is a tripartite type of conspiracy and they have to

4  conclude that they were involve d in one or more of the

5  specific object ives of a tripartite conspiracy .

6          I think , although this is a compound question ,

7  and it's a little bit --

8          MR. HALL:   It's really two question s.

9          THE COURT:   -- convoluted , in order to find the

10 defendant guilty of conspiracy , they do not have to

11 find them involved in all of the objectives   of the

12 conspiracy, only one or more as my instructions have

13 told them.

14         Whether the defendant is involve d in a

15 particular objective of the conspiracy is a matter that

16 they should determine in accordance with my

17 instruction s which do address the question of

18 knowledge , but there 's more than mere knowledge that 's

19 required .

20         MR. MARTIN:   Your Honor , I think --

21         THE COURT:   If you can give me the page number ,

22 I can direct them to that .

23         MR. SUSSMAN :   I think it's 53 they're referring

24 to.

25         THE COURT:   I think that 's right .

1          MR. MARTIN:   Your Honor, since they're talking

2 about Mr. Goodwin, may I be heard?

3          THE COURT:   I'm sorry, what?   Go ahead.

4          MR. MARTIN:   I think if you answer the first

5 part "no," you don't even have to answer the second

6 part.   It answers itself.   Thank you.

7          MS. GREENBERG:   Your Honor, I think if you're

8 going to read part of the jury instructions as to the

9 second question, what they're talking about is, as I

10 said, the Apprendi-type, because now they've already

11 gone -- they said they found him guilty, and the court

12 will tell them one more objective, and then the jury

13 question reads appropriately.

14          For example, for Question 8:   If you find the

15 defendant Learley Reed Goodwin  guilty as to Count One

16 and you find that heroin was involved, how do you find

17 the amount of heroin?   That's what they're talking

18 about here with that last question.   I think they're

19 talking about the Apprendi-type question.

20          MR. MITCHELL:   Actually, I think what -- I

21 disagree.   I think what they're asking about is on Page

22 52 of the jury instructions.

23          THE COURT:   It really begins on Page 49.

24          MR. MITCHELL:   Yes, but I think if you look at

25 Page 52, what they're asking is in the middle of the

1 first paragraph .  Not the first full paragraph but at

2 the top of the page .  More is required --

3        THE COURT:   Are you reading from the clean set

4 or the --

5        MR. MITCHELL:   The one that we just got .

6        THE COURT:   Okay .

7        THE COURT:   Where ?

8        MR. MITCHELL:   Page 52, about the   fifth line

9 down .  What is necessary is that the defendant must

10 have participate d with knowledge , with at least some of

11 the purpose of the core   objectives of the conspiracy

12 and with the intention  of aiding in the accomplish ment

13 of those unlawful ends .  I think that 's what they need

14 to be direct ed toward .  That 's, I think , direct ly

15 answering  this question .  Note the see tin instruction .

16 Then the further paragraph in sum reiterate s what has

17 already been said , that they thereby become   knowing --

18        THE COURT:   I'll tell you this .  I think what I

19 ought to do is refer them back to my con spiracy

20 instruction as a whole , rather than to focus on one and

21 only one part , and I will tell them that the

22 instruction s on conspiracy --

23        MR. MITCHELL:   Start ing on Page 49.

24        THE COURT:   They go back farther than that .

25        MR. MITCHELL:  Page   46?

1          THE COURT:   They begin before that.   They begin

2  on Page 43.

3          MR. MITCHELL:   I'm sorry.   You're right.

4          MS. GREENBERG:   Your Honor, I don't think  that's

5  going to assist them very much, if we all agree at

6  least to the first question.

7          THE COURT:   Let me get the page.

8          MS. GREENBERG:   Page 43.

9          THE COURT:   It's Page 43 through 54, exclusive

10  of the lesser included offense part.

11          MS. GREENBERG:   If we all agreed that the answer

12  to the question, "Do we have to find each such

13  defendant responsible for all objectives of the

14  conspiracy?"  If we all agree that the answer is no,

15  why can't the court answer that question and then refer

16  them to the conspiracy instructions in total?

17          THE COURT:   As I said, this is not the clearest

18  question in the world.   Perhaps my answer may not be

19  the clearest one in the world, but I believe it really

20  is sort of two questions, and I'll try to answer it

21  that way.

22          I'm going to first of all tell them that they

23  should -- for the questions that I gave them on

24  conspiracy, they should read again Pages 43 to 54,

25  because that's -- I don't want them to consider one

1  instruction  in  isolation  from  the  other s.   But  to

2  answer  their  question  as  best  I  can , in  order  to  find  a

3  defendant  guilty  of  the  conspiracy  charge d  in  Count

4  One , which  is  a  tripartite  conspiracy , they  may  do  so

5  if  they  find  that  person  was  a  participant  in  one  or

6  more  of  objectives  of  the  conspiracy .  They  are  not

7  responsible  for  the  other  objectives , only  those  that

8  they  find  in  accordance  with  these  instruction s  that

9  they  were  participati ng  in.

10         With  regard  to  the  second  part  of  it  -- even  if

11  a  particular  defendant  didn't  personally  deal  with  it

12  but  may  have  had  knowledge  -- I'll  refer  them  again  to

13  the  question  of  knowledge .  Knowledge  alone  may  not  be

14  enough , but  there  are  other  aspect s  of  the  crime  of

15  conspiracy  which  may  take  a  couple  -- couple d  with

16  knowledge  may  link  them  to  that  objective .  I  will  tell

17  them  also  to  clarify  the  question  that  they

18  specifically  asked  about  number s  7  and  12, and  when

19  they  are  review ing  those  question s  they  should  answer

20  -- for  example  in  7, "yes"  or  "no"  as  to  that

21  defendant 's  participation  in  that  one  or  more

22  objectives  of  the  conspiracy  -- "yes"  or  "no "  on  those

23  objectives .  When  they  get  to  the  follow up  question ,

24  "If  you  find  that  heroin  was  involve d," it  should  help

25  them  -- "If  you  find  that  the  defendant  participate d  in

1 the heroin objective of the conspiracy, how do you

2 find?"  That would help them.

3         MR. MITCHELL:   The only thing I think that's

4 missing is that they must have intentionally engaged,

5 advised or assisted in it for the purpose of furthering

6 illegal undertaking, which isn't in your short answer.

7 I think I agree with my fellow defense counsel that

8 answering the question -- and I think you even alluded

9 to them -- is going to potentially create problems,

10 because it's not going to be a full and complete --

11         THE COURT:   I'm intending to remind them they

12 should consider my instructions as whole.  And insofar

13 as their question about conspiracy is concerned, they

14 should direct their attention specifically to Pages 43

15 through 54 of the instructions and consider them as a

16 whole.

17         MR. MITCHELL:   If you're going to say anything,

18 I think what they're asking about is the knowledge

19 issue and that's on Page 52 which requires that they

20 have an understanding of the unlawful contact or of the

21 conspiracy and intentionally engaged or advised or

22 assisted in.

23         MS. GREENBERG:   Your Honor, that's in the

24 summary that the court's giving them to look back on.

25 I don't think we need to just read that.

1          MR. MITCHELL:   If you're going to give a short

2 answer --

3          THE COURT:   Where is that Mr. Mitchell ?

4          MR. MITCHELL:   Page 52.

5          THE COURT:   Tell me where it is.

6          MR. MITCHELL:   First full paragraph .

7          THE COURT:   Where it says , "What is necessary ?"

8          MR. MITCHELL:   "In sum , you must find" -- yeah.

9 First full paragraph . Toward the bottom of the page .

10         THE COURT:   I can remind them of that . That's

11 fine .

12         Anything else , counsel ?

13         Mr. Sussman , any word on where your client is?

14 You end indicate d you spoke to her and she elected to

15 waive her presence , but I just want to know if I should

16 wait a few minutes in case she's about to enter the

17 courtroom.

18         MR. SUSSMAN :   I ca n try again .

19         THE COURT:   Why don't you try again ? I would

20 prefer she be here .

21         MR. SUSSMAN :   Certain ly.

22         Just in term s of the court 's communication . The

23 court can say to the jury , if that does n't clear it up

24 please come back to me .

25         I don't know  how that cut s.

1          THE COURT:   I will tell you now, in case I
2 forget it, I don't want counsel and the parties leaving
3 the courthouse for the rest of the afternoon, because I
4 think that it would be a disaster if they came back in
5 20 minutes with a question and you guys were all an
6 hour away again.   I think you ought to stay, because
7 it's possible they may return a verdict or some
8 verdicts today.
9          MR. MCKNETT:   Your Honor, while Mr. Sussman is
10 making that call, I'd like to go on record, and I think
11 I speak on behalf of everybody involved in this trial
12 to recognize Mr. Krinsky's efforts in facilitating the
13 process of this trial.   I don't think -- I think we'd
14 still be presenting witnesses --
15          THE COURT:   Well, you know that the people
16 really in charge of this courtroom and who really make
17 it run right are Bea Merez and David Krinsky.
18          MR. MCKNETT:   I didn't want to leave Ms. Merez
19 out, but I know it is Mr. Krinsky's last day, and it
20 would be our last day to thank him.
21          THE COURT:   We just interrupted a nice "Fairwell
22 Lunch" for him to come up here and do this.
23          Mr. Sussman's client is here.
24          Ms. Harden, we began before you got here because
25 counsel advised us that you had authorized him to waive

1  your presence ; is that correct ?

2        DEFENDANT HAR DEN:   Right .   That is right .   I'm

3  sorry .   Traffic --

4        THE COURT:   I a lso said I didn't want to have

5  the jury come in until you were here so that we could

6  have the benefit of them see ing you here , rather than

7  miss ing .

8        DEFENDANT HARDEN:     Thank you so much .

9        THE COURT:   Now that you are here , we will call

10  for the jury .

11        MS. GREENBERG:     Judge , could you add to their

12  reference -- I was thinking about this also in Mr.

13  Mitchell 's comment .   Knowledge about their -- on Page

14  52 -- client's  willful blindness .   Will the court add

15  that page?

16        MR. MITCHELL:   Your Honor , they're not asking

17  about willful blindness.

18        MS. GREENBERG:     They asked about knowledge .

19        MR. MITCHELL:   They haven't asked about willful

20  blindness.    They have the instruction  in front of them ,

21  Your Honor .

22        MR. MCKNETT :  That would simply highlight  --

23        THE COURT:   I'm not going to go back to that .

24              (Jury return at 2:42 p.m. )

25        THE COURT:   Good afternoon , ladies and

1  gentlemen.   I have received  from you two notes.   Since

2  you may not all have looked at the notes, I want to

3  read them to you and then give you the best that I can

4  with answers.

5        One question said, "If as a jury we find a

6  unanimous verdict completely for some of the defendants

7  but not all, do all the defendants get a new trial or

8  just the defendants we don't reach a unanimous verdict

9  on?"

10        First, I want you to know that I would encourage

11  you to make every effort that you can to reach a

12  unanimous verdict on all counts as to all defendants.

13  The parties have taken ten weeks to put this case in

14  front of you, and it would be preferable if you would

15  do that.   I would encourage you do to do so.   Secondly,

16  I want to remind you, as I did before, that you should

17  consider each defendant and each count separately and

18  individually.

19        The answer to your question is answered by our

20  rules which provide that if there are multiple

21  defendants, the jury may return a verdict at any time

22  during its deliberation as to any defendants about whom

23  it has agreed, and in cases with multiple counts --

24  this is a case that does have multiple counts -- if the

25  jury cannot agree on all counts as to any defendant,

1 the jury may return a verdict on those counts as to

2 which it has agreed.

3        If you're unable to reach agreement on one or

4 more defendants or one or more counts after making

5 every good effort that you can to do so, the case could

6 be concluded as to the defendants and counts upon which

7 you agreed. As to the remainder, that would be

8 possible for a new trial on those counts or defendants

9 on which you could not agree, but there is not a new

10 trial for everybody on every count if you couldn't

11 reach agreement on all defendants on all counts.

12       So it would only be on those defendants or

13 counts as to which you could not agree. We could

14 receive verdicts on all defendants and counts which you

15 could agree, and the rest of it is up to further

16 proceedings. That's your first question.

17       The second question you asked was a little more

18 difficult to understand, but I'll do the best I can to

19 understand this question. It says, "With regard to

20 determining the type of controlled substance involved

21 (for example, one of the three drugs/objectives of the

22 conspiracy end) for a given defendant that we find

23 guilty of the conspiracy, do we have to find each such

24 defendant responsible for all objectives (controlled

25 substances) of the conspiracy even if that particular

1  defendant  did  not  personally  deal  with  each  of  the

2  drugs but  may have  had knowledge ?   For  example , verdict

3  form  Question  7  and  Question  12."

4          It's  sort  of  a  compound  question , so  I'm  going

5  to  do  the  best  I  can  to  answer  it.   I  have  previously

6  given  you  fairly detailed  instruction s  on  the  crime  of

7  conspiracy , and  most  of  those  instruction s  are  between

8  Pages  43  and  54  of  the  instruction s.   There  are  other

9  portions  of   the  instruction s  which  may  also  be  of

10  assistance  on  that , but  the  bulk  of  the  instructions  on

11  conspiracy  are  in  those  pages.     I  want  to  remind  you

12  that  my  instruction s  should  be  considered  as  whole , and

13  I don't  want  you  to  focus  on  one  as  to  the  exclusion  of

14  any  other  instruction.    They  are  one  entire  document  to

15  be  considered  as  a  whole .

16          As  I  have  advised  you , it  is  not  necessary  that

17  a defendant  be  found  to  have  been  a participant  in  all

18  three  objectives  of  the  conspiracy .   It  is  sufficient

19  if  the  defendant  has  participated  in  one  or  more  of  the

20  objectives  of  the  conspiracy , and  it  is  for  that

21  reason , for  example , that  the  verdict  form  asks , and

22  you  specifically  directed  my  attention  to  Question  7.

23  It  asks  in  this  case :  For  example , if  you  find  the

24  defendant  Learley  Reed  Goodwin  guilty  as  to  Count  One ,

25  how  do  you  find  as  to  the  type  of  controlled  substance

1  involve d?  Then  it  give s  the  three  choice s.   If  it

2  would  help  you  in  clarify ing  what  that  mean s  and  what

3  the  followup  question s  mean ,  it  would  be  how  do  you

4  find  him  as  to  his  participation  in  that  objective  of

5  the  conspiracy .

6          As  you  can  see  from  the  way  the  questionnaire  is

7  word ed ,  if  you  answer  "heroin "  but  not  "cocaine  and

8  cocaine  base ,"  you  don't  answer  the  question s  about

9  cocaine  and  cocaine  base .   You  only  answer  the

10  question s  pertain ing  to  the  drug  as  to  which  you  found

11  he  was  a  participant  in  that  object ive  of  the

12  conspiracy .

13          You  also  then  said ,  even  if  that  particular

14  defendant  did  not  personally  deal  with  each  of  the

15  drug s  but  may  have  had  knowledge .   Well ,  as  you  know

16  from  the  instruction s  that  I've  direct ed  you  to  take  a

17  look  at  again ,  43  through  54,  knowledge  alone  may  not

18  be  enough ,  but  knowledge  with  some  other  factor s  that

19  I've  identifi ed  in  those  page s  of  the  instruct ions  is

20  enough .  So ,  it's  not  necessarily  required  that  the

21  person  personally  deal  with  the  drug  to  be  found  guilty

22  of  participation  in  that  objective  of  the  conspiracy .

23          I  hope  I  have  clarifi ed  the  question s  for  you .

24  I'm  here  to  assist  you  the  rest  of  the  day  any  way  I

25  can .  If  you  have  further  question s,  just  get  the  pen

1 and paper out and send it back in here.

2        I'm going to keep the parties here, so if my

3 answer that I just gave you did not sufficiently answer

4 the question, you can send me another note and I'll

5 have the parties all here to do so.  As I advised you

6 before, by the way, I will be here all day today.   If

7 you reach a verdict today, I will be here to receive

8 it.

9        I would ask Judge Chasanow to please stand up.

10 This wonderful woman here is my colleague, Judge

11 Deborah Chasanow.  If you don't reach a verdict today

12 and you're here Wednesday, Thursday and Friday of next

13 week, she would be here to assist you with any

14 questions or to receive verdic ts.

15        The following week you're off because you have

16 all kinds of vacation plans, and we're not going to

17 clutter that up.  If you can't get it done in those

18 three days and you come back the following Monday, you

19 will have me.

20        With that I would ask you to return to continue

21 your deliberation s.  Before you do so, let me ask

22 counsel to come to the bench.

23               (At the bar of the Court.)

24        THE COURT:  Counsel, any concerns about the

25 supplement al instruction?

1              (No responses.)

2              (Back in open court.)

3          THE COURT:   You may return to deliberate.

4                  (At the bar of the Court.)

5          THE COURT:   They said they were going to stay

6    until 4:00.  If they say they're leaving at 7:00, I'll

7    stay.

8          MR. MONTEMARANO:   If they leave at 4:00 --

9          THE COURT:   What they don't understand is when

10   we read that verdict form in open court, it will take

11   forever.

12         MR. MONTEMARANO:   Just so it's clear.  We have

13   no objection to the supplemental instruction, subject

14   to all the instructions given.

15         MS. GREENBERG:   While we're up here.  Judge,

16   somebody did mention to me there is a some Fourth

17   Circuit case law that the judge that is taking over

18   from the judge that leaves, they have to --

19         THE COURT:   Not to take a verdict.

20         MS. GREENBERG:   Okay.  I didn't have a chance to

21   do the research yet because I had a Fourth Circuit

22   brief due, but I was going to do the research.

23         THE COURT:   I have it here.

24         MS. GREENBERG:   I just wanted to make sure the

25   court --

1          THE COURT:   I read it before I came up here.

2          MS. GREENBERG:   Thank you, sir.

3                    (Back in open court.)

4          THE COURT:   Don't go far.

5                    (Off the record at 2:50 p.m.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                          **CERTIFICATE**

2

3        I, Tracy Rae Dunlap,   RPR , CRR , an Official Court

4   Reporter for the United States District Court of

5   Maryland, do hereby certify that I reported, by machine

6   shorthand, in my official capacity, the proceedings had

7   and testimony adduced upon the Jury Trial Proceedings

8   in the case of UNITED STATES OF AMERICA versus PAULETTE

9   MARTIN, et al,   Criminal Action Number   RWT-04-0235 on

10  August 11 , 2006.

11

12       I further certify that the foregoing    31 pages

13  constitute the official transcript of said proceedings,

14  as taken from my machine shorthand notes, of said

15  proceedings.

16

17       In witness whereof, I have hereto subscribed my

18  name, this 18th day of    March 2008 .

19

20

21       _____

22                         TRACY RAE DUNLAP, RPR , CRR
                           OFFICIAL COURT REPORTER
23

24

25