IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **LAVON DOBIE,** | * | |
| Petitioner, | * | |
|  | * | Civil Case No.: RWT-07-2039 |
| v. | * | Criminal Case No.: RWT-04-235 |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |

\*\*\*

## MEMORANDUM OPINION AND ORDER

On August 31, 2006, a trial jury found Petitioner Lavon Dobie guilty of conspiracy to distribute and possession with intent to distribute controlled substances and related counts, including possession of a firearm in furtherance of drug trafficking crime. See United States v. Dobie, Criminal Action No. RWT-04-235 (D. Md.) (Judgment). Petitioner was sentenced on December 19, 2006, to a total of 206 months of incarceration. See id. Petitioner filed a notice of appeal on January 8, 2007, and that appeal is currently pending in the U.S. Court of Appeals for the Fourth Circuit. See United States v. Dobie, No. 07-4115.

On July 26, 2007, Petitioner requested that this Court vacate and/or reduce her sentence under 28 U.S.C. § 2255 based on new evidence. See Paper No. 1146. The Government moved to dismiss Petitioner's § 2255 motion for lack of subject matter jurisdiction. See Paper No. 1149. On November 16, 2007, Petitioner filed a "Motion for Miscellaneous Relief," requesting, inter alia, that the Court withdraw her waiver for a speedy trial in connection with insurance fraud charges pending against her. See Paper No. 1171. The Government moved to dismiss Petitioner's Motion for Miscellaneous Relief for lack of subject matter jurisdiction. See Paper

No. 1173.  Petitioner has also requested any and all documents related to her case.  See Paper Nos. 1171, 1303.

Petitioner's § 2255 motion is barred because her conviction is pending review in the Fourth Circuit.  Outside of exceptional circumstances, a § 2255 motion should not be heard where a direct appeal is pending.  See Bowen v. Johnston, 306 U.S. 19, 26–27 (1939).  Petitioner has not presented any extraordinary reasons why her § 2255 petition should be considered by this Court while her appeal is pending.

Petitioner's Motion for Miscellaneous Relief is implicated in Petitioner's appeal as well.  She asks this Court to reconsider her waiver for speedy trial in relation to insurance fraud charges pending against her, but the insurance fraud matter has been stayed until Petitioner's appeal is final.  Because the resolution of Petitioner's appeal affects her Motion for Miscellaneous Relief, the Court sees no reason to address it now.

As for her document requests, Petitioner is represented by counsel on her appeal, and counsel may obtain any documents necessary to effectively represent Petitioner.

Upon consideration of Petitioner's Motion To Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 [Paper No. 1146], the Government's Motion To Dismiss [Paper No. 1149], Petitioner's Motion for Miscellaneous Relief [Paper No. 1171], the Government's Second Motion To Dismiss [Paper No. 1173], and Petitioner's Motion for Copy Work [Paper No. 1303], and any opposition and replies there to, it is for the reasons stated here on this 14th day of December, 2009, by the United States District Court for the District of Maryland,

**ORDERED**, that Government's Motion To Dismiss [Paper No. 1149] is **GRANTED**, and it is further

**ORDERED**, that Petitioner's Motion To Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 [Paper No. 1146] is **DISMISSED**, and it is further

**ORDERED**, that Government's Second Motion To Dismiss [Paper No. 1173] is **GRANTED**, and it is further

**ORDERED**, that Petitioner's Motion for Miscellaneous Relief [Paper No. 1171] is **DISMISSED**, and it is further

**ORDERED**, that Petitioner's Motion for Copy Work [Paper No. 1303] is **DENIED**.


Date:  December 14, 2009

                                               /s/
                                  ROGER W. TITUS
                       UNITED STATES DISTRICT JUDGE