IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO.  RWT-04-235-9 |
| | * | |
| LAVON DOBIE | * | |
| | * | |
| | * | |

...ooOoo...

**GOVERNMENT'S RESENTENCING MEMORANDUM AND OMNIBUS RESPONSE
TO DEFENDANT'S PRO SE MOTIONS**

The United States of America, through the undersigned attorney, respectfully submits the following resentencing memorandum and omnibus response to Defendant's pro se motions.  On November 2, 2011, the United States Court of Appeals for the Fourth Circuit affirmed Defendant's convictions, but vacated her sentence on Count One.  *United States v. Goodwin*, 452 F. App'x 239, 249 (4th Cir. 2011) (unpublished).  The Fourth Circuit remanded for the limited purpose of considering Defendant's request for a minor role adjustment under U.S.S.G. § 3B1.2(b).  *Id.*

On November 2, 2011, Defendant filed pro se a motion for retroactive application of the crack-cocaine guideline amendments [D.E. 1476].  On May 24, 2012, Defendant filed pro se a motion to hold in abeyance her right to file a motion under 18 U.S.C. § 2255 [D.E. 1515].  On May 31, 2012, Defendant filed pro se a motion to hold in abeyance her right to file a "Depierre claim" [D.E. 1519].  On October 17, 2012, this Court ordered the Government to respond to Defendant's pro se motions [D.E. 1517].

Defendant's role in the drug conspiracy, in which she purchased heroin, cocaine, and crack cocaine for resale, is incompatible with a reduction for a minor role adjustment under U.S.S.G. § 3B1.2(b).  Further, Defendant's pro se motions lack merit.  The Court should deny Defendant's motions, and reaffirm its original sentence.

## **BACKGROUND**

Defendant was involved in a large drug trafficking organization that supplied drugs throughout the D.C. metropolitan area.  PSR (2006) ¶¶ 35 & 45.  Paulette Martin was the main player in the conspiracy, acting as an intermediary to connect wholesale distributers to street-level dealers.  *Id.* ¶¶ 35-50.  Defendant was one such dealer.  *Id.* ¶ 45.  Investigators intercepted phone conversations between Martin and Defendant indicating Defendant purchased cocaine and crack cocaine from Martin for resale.  *Id.*  After Martin's heroin source was arrested, Defendant attempted to find a new supplier for Martin.  *Id.*  At one point, Martin called Defendant looking to buy a full kilogram of heroin, (phone call B6435), and Defendant discussed supplying Martin with 60 grams of heroin (phone call B6450, p. 511).

A search of Defendant's residence resulted in the seizure of 11.65 grams of heroin, drug trafficking paraphernalia including scales, and two handguns.  PSR ¶ 45.  Defendant was tried with five other defendants (including Martin), and was convicted of conspiracy to distribute and possession with intent to distribute controlled substances in violation of 21 U.S.C. § 846 (count 1), the use of a communications device to facilitate narcotics trafficking in violation of 21 U.S.C. § 843(b) (counts 34, 47, 50, 53 & 57), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (count 61).

At sentencing, the Court adopted the factual findings of the PSR.  Sentencing Tr. at 5, *available at* [D.E. 1268].  The Court found Defendant's base offense level was 26 based on the jury's verdict that Defendant was responsible for at least 100 grams of heroin.  Sentencing Tr. at 22.  The Court found Defendant's testimony at trial to warrant an enhancement for obstruction of justice under U.S.S.G. § 3C1.1.  Sentencing Tr. at 22-23.  The Court explicitly rejected Defendant's request for a "minimal participant" reduction under U.S.S.G. § 3B1.2(a).  Sentencing Tr. at 25-26.  However, the Court did not expressly reject the "minor participant" reduction under U.S.S.G. § 3B1.2(b).  The Court rejected the Government's request for an upward departure based on Defendant's criminal history.  Sentencing Tr. at 28.  The Court's guideline calculation resulted in a total offense level of 28, a criminal history category of V, and an advisory guideline range of 130-162 months, plus a consecutive sixty-month term for Count 61.  After considering the factors set forth in 18 U.S.C. § 3553, the Court sentenced Defendant to 146 months on Count 1, 48 months on Counts 24, 47, 50, 53, and 57 to run concurrently, and 60 months on Count 61 to run consecutively.

Defendant filed a timely notice of appeal.  The Fourth Circuit rejected Defendant's attacks on her convictions, but remanded for limited purpose of considering the "minor participant" reduction under U.S.S.G. § 3B1.2(b).  *See Goodwin*, 452 F. App'x at 249.  After the Fourth Circuit issued its opinion, Defendant filed three pro se motions.

## MINOR PARTICIPANT REDUCTION

A defendant who is "substantially less culpable than the average participant" in criminal activity may receive a mitigating role adjustment under U.S.S.G. § 3B1.2.  U.S.S.G. § 3B1.2 cmt. n.3(A).  U.S.S.G. § 3B1.2(a) provides for a 4-level reduction for a "minimal participant" while

U.S.S.G. § 3B1.2(b) provides for a 2-level reduction "[i]f the defendant was a minor participant." A "minimal participant" is a defendant who is "plainly among the lease culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2 cmt. n.4. A "minor participant" is "less culpable than most other participants, but whose role could not be described as minimal." *Id.* cmt. n.5. "A 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1 cmt. n.1. "The determination whether to apply subsection . . . (b) is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2 cmt. n.3(C).

Defendant bears the burden of demonstrating by a preponderance of the evidence that she is entitled to the minor role adjustment. *United States v. Nelson*, 6 F.3d 1049, 1058 (4th Cir. 1993). Role adjustments are determined on the basis of the defendant's relevant conduct. *United States v. Fells*, 920 F.2d 1179, 1183-84 (4th Cir. 1990). "The critical inquiry in determining whether a defendant is entitled to an adjustment for his role in the offense is not just whether the defendant has done fewer bad acts than his co-defendants, but whether the defendant's conduct is material or essential to committing the offense." *United States v. Dawson*, 587 F.3d 640, 645-48 (4th Cir. 2009). Generally, selling drugs is not the kind of conduct contemplated by § 3B1.2. *See United States v. Brooks*, 957 F.2d 1138, 1149 (4th Cir. 1992); *United States v. Glasco*, 917 F.2d 797, 800 (4th Cir. 1990); *see also United States v. Whitehead*, 449 F. App'x 257, 258 (4th Cir. 2011) (per curiam) (unpublished) ("Whitehead stipulated that he sold cocaine base as part of his participation in the conspiracy. As such, Whitehead's conduct does not warrant a reduction under U.S.S.G. § 3B1.2.").

4

Here, Defendant obtained drugs from Martin for re-sale, not personal use. The intercepted phone calls confirm Defendant distributed at least a portion of these drugs. Defendant's conduct was essential to the conspiracy; without street-level dealers like Defendant, drugs could not be funneled from wholesalers to users. Further, Defendant was aware of the extent of the drug conspiracy, and actively worked to extend the life of the conspiracy. After Martin's heroin source was arrested, Defendant attempted to find a new supplier for Martin. At one point, Martin called Defendant looking to buy a full kilogram of heroin, and Defendant discussed supplying Martin with 60 grams of heroin.

Defendant's knowledge of the conspiracy and her criminal conduct is incompatible with a reduction for a minor role under U.S.S.G. § 3B1.2(b). Further, Defendant's guideline calculation has only included the drug quantities directly attributable to Defendant. Thus, her guideline calculation has already accounted for any reduced culpability relative to her co-defendants. Defendant cannot show by a preponderance of the evidence that she is entitled to a reduction under U.S.S.G. § 3B1.2(b). The Court should refuse to apply such a reduction, and reaffirm its prior sentence of 146 months on Count 1.

### **PRO SE MOTIONS**

Defendant's first motion requests retroactive application of the crack-cocaine amendments to the sentencing guidelines. In her motion, Defendant contends that she was sentenced to a total of 146 months, which included a 5-year concurrent sentence for five grams of crack [D.E. 1476 at 1].

Defendant incorrectly summarizes her sentence. Defendant received a sentence of 146 months' imprisonment for the drug conspiracy and a 5-year consecutive sentence for possession

of a firearm in furtherance of the drug conspiracy.  Defendant did not receive any sentence due to her distribution of crack cocaine.

Further, Defendant cannot benefit from the crack-cocaine amendments to the sentencing guidelines.  To benefit from a retroactive amendment to the sentencing guidelines, a defendant must demonstrate that the amendment has "the effect of lowering the defendant's applicable guideline range."  *United States v. Hood*, 556 F.3d 226, 231-32 (4th Cir. 2009).  In the context of the crack-cocaine amendments to the drug quantity table in U.S.S.G. § 2D1.1, a defendant must demonstrate that his offense involved a sufficient amount of crack cocaine such that the amendment would reduce his advisory guideline range.  *See id.*; *see also United States v. Bunma*, 473 F. App'x 592, 593 (9th Cir. 2012) (marijuana offense level not based on sentencing range lowered by crack-cocaine guideline amendment); *United States v. Beard*, No. 02-30040, 2012 WL 896503, at *3 (C.D. Ill. March 15, 2012) (unpublished) (new marijuana equivalency calculation using new table yielded same offense level as old table, precluding reduction in sentence).

Here, Defendant's offense level at her initial sentencing was dictated by the amount of heroin attributed to her by the jury.  Sentencing Tr. at 22.  Defendant's distribution of at least 100 grams of heroin resulted in a base offense level of 26.  *Id.*  Defendant's conduct involving powder cocaine and crack cocaine had no impact on the guideline calculation.  Because the amendments to the guidelines do not change the base offense level for distributing at least 100 grams of heroin, the amendment does not lower Defendant's applicable guideline range.  Defendant's pre-amendment guideline range is identical to Defendant's post-amendment guideline range.  Thus, Defendant's motion [D.E. 1476] should be denied.

Defendant's motion to hold in abeyance her right to file a motion under 18 U.S.C. § 2255 [D.E. 1515] should also be denied. "[T]he one-year statute of limitations in § 2255 does not begin to run until there is a final judgment of conviction as to all counts in the judgment of conviction. Each count has the same date of finality, and, as to each count, conviction and sentence are final on the same date." *United States v. Dodson*, 291 F.3d 268, 275-76 (4th Cir. 2002).[1] Thus, because Defendant must be resentenced on Count 1, the limitations period in § 2255 will not begin until after direct review of her resentencing has been completed. *See id.* at 276. There is no need to hold Defendant's right to file a § 2255 petition in abeyance, and her motion [D.E. 1515] should be denied.

Finally, the Court should deny Defendant's motion to hold in abeyance her right to file a "Depierre claim" [D.E. 1519]. In *DePierre v. United States*, the Supreme Court clarified the meaning of 'cocaine base' as used in 21 U.S.C. § 841. 131 S. Ct. 2225, 2231-32 (2011). The Court rejected DePierre's contention that the term "cocaine base" was limited to crack cocaine. *Id.* Defendant claims *DePierre* "narrowed the scope of 21 U.S.C. [§] 841 by interpreting the term "cocaine base." [D.E. 1519 at 1]. However, *DePierre* did the exact opposite by broadly defining "cocaine base" to include all forms of cocaine in its base form, including crack cocaine, free base, and coca paste. *DePierre*, 131 S. Ct. at 2231-32. "The defendant offers nothing to suggest that the definition of 'cocaine base' settled in *DePierre* would have any bearing on any factual or legal issues in [her] case." *See United States v. Sharkey*, Crim. No. 02-40145-01-SAC, 2011 WL 3611460, at *2 (D. Kan. Aug. 17, 2011); *see also Chestnut v. United States*, No. 12-

---

[1] *Dodson* includes an exception for ministerial remands. The Government concedes the remand in this case is not ministerial because the district court must "hold a sentencing hearing and . . . exercise its discretion in reimposing sentence." *Dodson*, 291 F.3d at 275-76.

7

0697-DRH, 2012 WL 3262728, at *2-3 (S.D. Ill. Aug. 9, 2012); *McCullers v. United States*, No. 4:12cv37, 2012 WL 1942068, at *9 (E.D. Va. May 29, 2012).  Because any claim under *DePierre* would lack merit, the Court should deny Defendant's motion [D.E. 1519].

## CONCLUSION

Defendant's role in the drug conspiracy precludes a mitigating role reduction under U.S.S.G. § 3B1.2(b).  The Court should reaffirm its prior sentence of 146 months on Count 1.  Further, Defendant's pro se motions lack merit and should be denied.

        Respectfully submitted,

        Rod J. Rosenstein
        United States Attorney

By:     /s/

        Deborah A. Johnston
        Assistant United States Attorney

        Jonathan A. Ophardt
        Special Assistant United States Attorney

        United States Attorney's Office
        6500 Cherrywood Lane, Suite 400
        Greenbelt, Maryland 20770
        (301) 344-4433

## CERTIFICATE OF SERVICE

I hereby certify that on this the 24th day of October 2012, a copy of this Response was sent to defense counsel, Mirriam Z. Seddiq, via electronic filing.

        /s/
        Deborah A. Johnston