IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. RWT-04-0235 |
| | : | |
| LAVON DOBIE, | : | |
|     a/k/a Becky Parker, | : | |
|     a/k/a Theresa Waller, | : | |
|     a/k/a Dobie Parker, | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT DOBIE'S *PRO SE* CORRESPONDENCE

The United States of America, by its undersigned counsel, and as directed by the court, submits this response to defendant Lavon Dobie's correspondence (Docket No. 1596 and 1600).

1.   On August 31, 2006, following a 42-day trial, a jury convicted the defendant, Lavon Dobie, and two co-conspirators on multiple counts related to a drug conspiracy. *See United States v. Goodwin*, 452 Fed. Appx. 239, 242 (4th Cir. 2011) (unpub.). The district court sentenced defendant Dobie to 206 months' imprisonment. On appeal, the appellate court remanded Ms. Dobie's case for re-sentencing as to Count One, because the court failed to give an individualized rationale for its denial of a minor role adjustment under the sentencing guidelines.

2.   On November 20, 2012, the re-sentencing was held. This court, noting that it was "a fairly close call," granted the defendant a two-point minor role adjustment. The district court calculated the revised guidelines range to be 110 to 137 months' imprisonment. The court imposed sentence of 110 months. The defendant filed a timely appeal, which is presently pending before the Fourth Circuit Court of Appeals, Case Nos. 12-8052 and 13-4208.

3. On January 8, 2013, the defendant filed *pro se* correspondence (Docket No. 1596) asking the court for an "amendment of the sentence imposed in November 20, 2012" and specifically asking the court to impose "a year placement in a halfway house."

4. On January 22, 2013, the defendant filed a *pro se* pleading entitled "Informal Brief" (Docket No. 1600). In the Informal Brief, the defendant requested the court to "vacate and remand the case back to the sentencing district court with instructions for re-sentencing."(Docket No. 1600 at 4).

5. Consistent with the practice of this district, and as these were *pro se* filings, the government did not initially file a response to them. On August 19, 2013, Judge Messitte, acting for Judge Roger Titus, issued an Order directing the government to file a response to these filings on or before September 6, 2013. (Docket No. 1635.)

6. In Docket No. 1596, the defendant asks this court to amend the sentence it imposed on November 20, 2012, to include a one year placement at a halfway house and to recommend a specific halfway house. The government is not aware of any legal authority which gives the court the jurisdiction to grant this request. Rule 35 of the Federal Rules of Criminal Procedure provides only two mechanisms for correcting or reducing a sentence. The court has 14 days from the date the sentence was entered to correct a sentence that "resulted from arithmetical, technical or other clear error" and upon motion of the government to reduce a sentence for substantial assistance. The defendant's request is neither timely nor a request to correct an error in the sentencing. Title 18 U.S.C. § 3582(c) likewise provides for modification of an imposed term of imprisonment on the motion of the Director of the Bureau of Prisons (BOP) which has not occurred in this case. As a result, the defendant's request should be denied. Moreover, while the court can recommend a

Bureau of Prisons (BOP) facility for placement of the defendant to serve a term of imprisonment, *see* 18 U.S.C. § 3582(a). It is the BOP which has exclusive authority to award credit for time served and to set forth the requirements for placement in a halfway house as an individual nears completion of his or her sentence. 18 U.S.C.§§ 3622, 3624. In particular, Section 3624 provides that the BOP, to the extent practicable, have an inmate spend a portion of his or her final months of imprisonment, not to exceed 12 months, in a community correctional facility. It is the BOP which is in the best position to determine when the defendant is ready to be released into community confinement and under what circumstances.

7. Because the law does not provide a legal basis for granting the relief requested and because the staff of the BOP is in the best position to determine when and what community facility the defendant should be released to, this court should deny defendant's *pro se* request for an amended Judgment and Commitment Order.

8. With regard to Docket No. 1600, it is clear that the relief, i.e to remand to the sentencing court, which the defendant is seeking, can only be granted by the appellate court. The court's re-sentencing of the defendant is presently on appeal and pending before the Court of Appeals. The defendant has not cited, and the government has not located, any authority which would allow the district court to order a re-sentencing. Indeed, the rule and statutes cited herein, make it clear that this court is without authority to strike the sentence it imposed on November 20, 2012 and the subsequent Judgment and Commitment Order. *See* 18 U.S.C. §§3582(b) and 3742.

For the reasons set forth, this court should deny the relief requested in the defendant's *pro se* pleadings, docketed as Nos. 1596 and 1600.

        Respectfully submitted,

        Rod J. Rosenstein
        United States Attorney


By:_____/s/_____
        Deborah A. Johnston
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

This is to certify that on this 3rd day of September, 2013, a copy of the foregoing Government's Response to Defendant Dobie's Pro Se Correspondence, was sent by first-class mail, postage prepaid, to the following:

Lavon Dobie
Prisoner #38360-037
FMC Carswell
Federal Medical Center
PO Box 27137
Ft. Worth, TX 76127

/s/
_____
Deborah A. Johnston
Assistant United States Attorney