**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-8052

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

LAVON DOBIE, a/k/a Becky Parker, a/k/a Theresa Waller, a/k/a Dobie Parker,

        Defendant - Appellant.

No. 13-4208

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

LAVON DOBIE, a/k/a Becky Parker, a/k/a Theresa Waller, a/k/a Dobie Parker,

        Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, District Judge. (8:04-cr-00235-RWT-9)

Submitted:  September 25, 2013      Decided:  October 17, 2013

Before KING, GREGORY, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Jonathan A. Gladstone, LAW OFFICE OF JONATHAN A. GLADSTONE, Annapolis, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Nicolas A. Mitchell, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lavon Dobie appeals the 170-month sentence imposed following this court's remand for consideration of her request for a minor role adjustment under U.S. Sentencing Guidelines Manual § 3B1.2 (2012).[*] Dobie challenges the reasonableness of her sentence, arguing that the district court erroneously found that it was barred from sentencing Dobie below the Guidelines range and that the court failed to consider the 18 U.S.C. § 3553(a) (2006) factors. We affirm.

We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an

---

[*] Dobie also appealed from the district court's order denying her motion for retroactive application of the Fair Sentencing Act, giving rise to Appeal No. 12-8052, which was consolidated with Appeal No. 13-4208. Because Dobie's brief challenges only the sentence imposed on resentencing, Dobie has abandoned any challenge to the application of the Fair Sentencing Act and we do not consider that issue here. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (noting that pursuant to Fed. R. App. P. 28(a)(9)(A), issues not briefed are deemed abandoned).

3

appropriate sentence, considered the § 3553(a) factors, or failed to explain sufficiently the selected sentence. Id. at 49-51.

If the sentence is free of significant procedural error, we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. When, as here, the sentence is within the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

The district court correctly calculated and considered the advisory Guidelines range, heard argument from counsel, and heard allocution from Dobie. Contrary to Dobie's argument, the court considered the § 3553(a) factors and explained that the within-Guidelines sentence was warranted. The district court understood it had the authority to sentence Dobie below the Guidelines range but opted to impose a sentence at the bottom of that range. Dobie offers no argument to rebut the presumption on appeal that her within-Guidelines sentence is substantively

4

reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Dobie.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED