IN THE UNITED STATES DISTRICT COURT
FOR THE _____ DISTRICT OF MARYLAND

LA ' VON DOBIE                    )
    PETITIONER                    )
                                  )
                                  )   FILED ____ ENTERED
                                  )   LOGGED ____ RECEIVED
v.                                )
                                  )   MAR 0 5 2014
                                  )
UNITED STATES OF AMERICA          )   AT GREENBELT
                                  )   CLERK, U.S. DISTRICT COURT
                                  )   DISTRICT OF MARYLAND
                                  )   BY _____ DEPUTY
                                  )
                                      CASE NO: 04-0235-9
                                      RESENTENCED ON Nov. 20, 2012

## SUPPLEMENTAL MOTION TO REQUEST A MODIFICATION TO SENTENCE

**NOW COMES, La ' Von Dobie, Petitioner,** submitting this Supplemental Motion; as a result of extraordinary circumstances and/or a change in law.

On April 9, 2008, the Second Chance Act of 2007, became effective and amended 18 U.S.C. §3624(c) Prerelease Custody. In General, The Director of the Bureau of Prisons shall ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term, under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include either a community correctional facility (half-way house) and/or home confinement. The purpose of this placement is to provide the greatest likelihood of the prisoner's successful reintegration into the community. The resource referenced for these types of placement are §3621(b), which states that some of the criteria that is considered are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) <u>any statement(s) by the Court that imposed the sentence; to include recommending a type of penal or correctional facility as appropriate</u> and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.; 18 U.S.C. § 3621(b).

The Petitioner has been incarcerated for ten (10) years, a decade, and technology has gone from its embryonic stages to very advanced applications. Particularly, the means of communication, such as the internet, software and cell phones with Social Media and other applications. She has completed over 75% of her sentence. She is a Prime Candidate for this type of reintegration that is mentioned above. She has to have extensive half-way house placement; in order to adjust to the many changes in society that have occured over the past decade.

1

She has completed 50% of her Cosmetology course, in which she is currently enrolled and she has takened advantage of every re-entry preparation program that was made available to her. Also, she has demonstrated that she is not a threat to society.

Unfortunately, in the latter part of 2013, she lost her husband. He was **the pillar for her; in every way.** Due to his unexpected death, she is faced with extraordinary circumstances that could not be seen, at the time of her re-sentencing. His death affects reentry plans both for housing and her sources of income. As a result of this, she needs extra time, beyond the normal 6 months of half-way house (RRC) placement; inorder to re-establish the new re-entry plans that she was forced to recreate as a result of his death.

Therefore, she pleads of this Court to offer her a Olive branch, so that she can combat recidivism and to carefully consider her extenuating circumstances and grant her either one or all of her following requests:

I. To amend the Judgement Order to either coincide with the FBOP calculating the Sentence concurrently (See Computation Sheet);

II. To amend the Order for the Count 61 (924(c)) gun charge to run consecutively and be calculated separately from the other Counts; Allowing the Defendant to receive all earned good days and jail credits that she has rightfully earned; had the offenses not been group aggregated and your Sentencing Order been followed as you imposed a consecutive sentence of 60 months;

III. Ammend the one(1) count resentencing order to time served, since on Nov. 20, 2012 when the Defendant appeared before you, she had satisfied the newly imposed 110 months, due to her having been in custody from June 1, 2004 to Nov. 20, 2012, in addition to all earned good days that would exceed the 110 months;

IV. Please allow the Defendant to preserve her right to file and Alleyne Motion/Writ, until after the U.S. Supreme Court's forthcoming ruling relating to retroactivity;

V. A Split (consecutive) sentence would allow her to have the 12 months of "RRC" halfway placement/ 6 months of home confinement. Defendant Dobie continues to desire a recommendation for placement in the Pre-release Center in Montgomery County, or any other available facility;

or

VI. Any other sentencing relief solution that this Honorable Court deems to be beyond fair and just.

2-28-14
DATE

LA'VON DOBIE (Reg. No.: 38360037)
FMC CARSWELL
P.O. BOX 27137
FT. WORTH, TX 76127

2