## II. STATUTORY BACKGROUND

The Second Chance Act of 2007, Public Law No. 110-199, 122 Stat. 657, effective April 9, 2008, amended 18 U.S.C. § 3624(c) Prerelease Custody, to provide, in relevant part:

> (1) In General. The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.(2) **Home confinement** authority.-The authority under this subsection may be used to place a prisoner in **home confinement** for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.* * *(4) No limitations.-Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.* * *(6) Issuance of Regulations. The Director of the BOP shall issue regulations pursuant to this subsection not later than 90 days after the date of the enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the BOP is-(A) conducted in a manner consistent with section 3621(b) of this title;(B) determined on an individual basis; and(C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community.18 U.S.C. § 3624(c)(1), (c)(2), (c)(4), (c)(6).

The plain language of § 3624(c) requires regulations issued by the BOP designed to ensure that placement in an RRC by the BOP was done in a manner that is consistent with § 3621(b), determined on an individual basis, and was of a sufficient duration to "provide the greatest likelihood of successful reintegration into the community." Section 3624(c) also provides the BOP with discretion to determine whether and how long an inmate should spend in an RRC or **home** placement before his release, so long as the pre-release placement was practicable and the BOP considered the factors set forth in § 3621(b).

Section § 3621(b), in turn, provides:

> (b) Place of imprisonment.-The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-(1) the resources of the facility contemplated;(2) the nature and circumstances of the offense;(3) the history and characteristics of the prisoner;(4) any statement by the court that imposed the sentence-(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or(B) recommending a type of penal or correctional facility as appropriate; and(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.18 U.S.C. § 3621(b).

## III. ANALYSIS[2]

The BOP maintained that this Court lacked subject matter jurisdiction over Ambrose Petition because APA review of discretionary RRC decisions are precluded by 18 U.S.C. § 3625.

Section 3625 explicitly states that the APA does not apply to §§ 3621(b) or 3624(c):

> The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter.18 U.S.C. § 3625.

DISHOT                                                    1

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

As such, the BOP is correct that this Court does not have jurisdiction to review the ultimate discretionary decision by the BOP under §§ 3621(b) or 3624(c) to place Ambrose in an RRC or in **home confinement** placement. See Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2010) ("To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP,3 or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court."); see also Davis v. English, Civ. No. 12-1483 (JNE/LIB), 2013 U.S. Dist. LEXIS 38712, 2013 WL 1149526, *6 (D. Minn. Feb. 27, 2013) (allowing that prisoners to bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625) (citation omitted). Thus, to the extent that Ambrose was asserting in his Petition that the decision by the BOP to not place him in an RRC or **home confinement** is arbitrary, this Court has no authority to review that claim.

Nevertheless, judicial review remains for any allegations that the BOP's action is contrary to established federal law, violates the Constitution, or exceeds statutory authority. See Tapia v. United States, __ U.S. __, __, 131 S.Ct. 2382, 2390-91, 180 L.Ed.2d 357 (2011) ("When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' . . . [D]ecisionmaking authority rests with the BOP.") (emphasis added); Close v. Thomas, 653 F.3d 970, 973-74 (9th Cir. 2011), cert. denied, ___ U.S. ___, 132 S. Ct. 1606, 182 L. Ed. 2d 213 (2012) ("Although judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority. . . .") (marks and citation omitted); Reeb, 636 F.3d at 1228 ("there is judicial review for a claim that an agency exceeded its statutory authority"). That is the case here.

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.