IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.   RWT-04-0235 |
| | : | |
| LAVON DOBIE, | : | |
| a/k/a Becky Parker, | : | |
| a/k/a Theresa Waller, | : | |
| a/k/a Dobie Parker, | : | |

GOVERNMENT'S RESPONSE TO
DEFENDANT DOBIE'S *PRO SE* MOTIONS

The United States of America, by its undersigned counsel, and as directed by the court, submits this response to defendant Lavon Dobie's Supplemental Motion to Request a Modification to Sentence (Docket No. 1676) and a motion for return of property (Docket No. 1678)

**I.   Introduction**

On August 31, 2006, following a 42-day trial, a jury convicted the defendant, Lavon Dobie, and four co-conspirators on multiple counts related to a drug conspiracy.  *See United States v. Goodwin*, 452 Fed. Appx. 239, 242 (4th Cir. 2011) (unpub.).  The district court sentenced defendant Dobie to 206 months imprisonment.  On appeal, the appellate court remanded Ms. Dobie's case for re-sentencing as to Count One, because the court failed to give an individualized rationale for its denial of a minor role adjustment under the sentencing guidelines.

On November 20, 2012, the re-sentencing was held.   This court, noting that it was "a fairly close call," granted the defendant a two-point minor role adjustment.   The district court calculated the revised guidelines range to be 110 to 137 months imprisonment.   The court imposed sentence of 110 months with a consecutive sentence of 60 months on Count 61 possession of a firearm during the commission of a drug trafficking offense.   The defendant filed a timely appeal.   On

October 17, 2013, the Fourth Circuit Court of Appeals affirmed the sentence in Case Nos. 12-8052 and 13-4208 (District Court Docket No. 1651).

On March 5, 2014, the defendant filed a *pro se* Supplemental Motion to Request a Modification to Sentence (Docket No. 1676) asking the court to 1) amend the Judgment Order to coincide with the "FBOP calculating the sentence concurrently; 2) amend the Order for the gun charge to run consecutively and be calculated separately from the other counts; and 3) amend the Order to change the sentence to "time served." She also requests a recommendation for placement in the Pre-Release Center in Montgomery County, MD, and an "amendment of the sentence imposed in November 20, 2012 and specifically asking the court to impose "a year placement in a halfway house." Finally, the defendant asks this court to preserve her right to file an "Alleyne Motion/Writ" until after the Supreme Court determines retroactivity.

On April 14, 2014, the defendant filed a motion for return of property (Docket No. 1678). Specifically, the defendant has requested the return of watches, and photographs and undeveloped film.

On April 23, 2014, the Court issued an Order directing the government to file a response to these two pro se motions within 60 days of the date of the Order. For the reasons set forth, the court should deny defendant's Supplemental Motion to Request a Modification to Sentence (Docket No. 1676), as well as her Motion for Return of Property (Docket No.1678).

**II.     Argument**

   **A.  Supplemental Motion to Request a Modification to Sentence (Docket No. 1676)**

The defendant cites no authority to support her request that this court amend its judgment in this case and the government is not aware of any legal authority which gives the court the

jurisdiction to grant this request. Rule 35 of the Federal Rules of Criminal Procedure provides only two mechanisms for correcting or reducing a sentence. The court has 14 days from the date the sentence was entered to correct a sentence that "resulted from arithmetical, technical or other clear error" and upon motion of the government to reduce a sentence for substantial assistance. The defendant's request is neither timely nor a request to correct an error in the sentencing. Rule 36 of the Federal Rules of Criminal Procedure provides that the court may correct "a clerical error in a judgment, order or other part of the record, or correct an error in the record arising from oversight or omission." Simply stated the defendant does not allege any errors, nor do any exist, in the judgment. Rather, the defendant is requesting this court to amend the judgment so she will be eligible for release and thus circumvent the process of the Federal Bureau of Prisons, for allocating good time credit and determining when an individual should be placed in community confinement.

A sentence may also be modified pursuant to Title 18 U.S.C. § 3582(c). However, Section 3582(c) requires a motion to be made by the Director of the Bureau of Prisons (BOP) which has not occurred in this case. As a result, the defendant's request should be denied. Moreover, while the court can recommend a Bureau of Prisons (BOP) facility for placement of the defendant to serve a term of imprisonment, *see* 18 U.S.C. § 3582(a), it is the BOP which has exclusive authority to award credit for time served and to set forth the requirements for placement in a halfway house as an individual nears completion of his or her sentence. 18 U.S.C. §§ 3622, 3624. In particular, Section 3624 provides that the BOP, to the extent practicable, have an inmate spend a portion of his or her final months of imprisonment, not to exceed 12 months, in a community correctional facility. It is the BOP which is in the best position to determine when the defendant is ready to be released into community confinement and under what circumstances.

Because the law does not provide a legal basis for granting the relief requested and because the staff of the BOP is in the best position to determine when and what community facility the defendant should be released to, this court should deny defendant's *pro se* request for an amended Judgment and Commitment Order.

**B.     Motion for Return of Property (Docket No.1678)**

The defendant has also filed a motion for the return of property which was seized in June of 2004 during the execution of a search warrant at her residence.  Attached to her motion was a letter dated April 8, 2005[1] from the United States Customs and Border Protection, referencing 172 pieces of jewelry and advising the defendant that: "The property will be available for release upon receipt of the enclosed signed and notarized Hold Harmless Agreement.  If you wish to have the property released to another individual acting on your behalf, sign and have notarized the attached Designation of Representative and Limited Power of Attorney.  A picture identification will be required for that person to pick up the property."  According to the electronic records of the Immigration and Custom Enforcement (ICE), the jewelry was remitted to the violator in full and without cost[2].  Consequently, none of the watches remain in ICE custody.

With regard to the photographs, agents of ICE are in the process of retrieving the evidence and if any photographs and /or undeveloped film are located, they will be released as directed by Ms. Dobie.  To that end, the government requests that Ms. Dobie provide the identity, as well as current contact information, including home address and telephone number of the individual whom she designates to receive any such property that may be located.

---

1 A copy of the letter is attached as Exhibit 1.
2 A copy of the computer screen capturing this information is attached as Exhibit2.

4

### III. Conclusion

For the reasons set forth, this court should deny the relief requested in the defendant's *pro se* pleadings, docketed as No. 1676. With regard to the Motion for Return of Property, the government requests this court to deny motion as moot.

                                        Respectfully submitted,

                                        Rod J. Rosenstein
                                        United States Attorney

By:_____/s/_____
        Deborah A. Johnston
        Assistant United States Attorney

CERTIFICATE OF SERVICE

This is to certify that on this 20th day of June, 2014, a copy of the foregoing Government's Response to Defendant Dobie's Pro Se Correspondence, was sent by first-class mail, postage prepaid, to the following:

> Lavon Dobie
> Prisoner #38360-037
> FMC Carswell
> Federal Medical Center
> PO Box 27137
> Ft. Worth, TX 76127

_____/s/_____
Deborah A. Johnston
Assistant United States Attorney