## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES of AMERICA** ) | |
| ) | **Crim. Case RWT-04-235** |
| **v.** ) | |
| ) | |
| **LAVON DOBIE,** ) | |
| **Defendant** ) | |
| _____ ) | |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR AMENDMENT OF SENTENCE (ECF 1761)

COMES NOW, the United States of America, by and through its attorneys, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Deborah Johnston, Assistant United States Attorney for said District, and in opposition to the Defendant's motion for amendment of sentence (ECF1761) states as follows:

1. On December 8, 2014, the court issued an order granting the defendant a sentence reduction pursuant to 18 U.AS.C.§ 3582 (c),(2) (ECF 1729) . The order reduced the defendant's sentence from 170 months to 152 months imprisonment with an effective date of November 1, 2015.

2. On March 2, 2015, the court received correspondence from the defendant complaining that the Bureau of Prisons ("BOP")  " has recalculated the said defendant's sentence to a total of 156 months oppose to the 152 months the defendant was actually resentenced to on December 8, 2014." ECF 1761. The defendant alleges that the BOP had illegally increased her sentence to 156 months and asks the court to amend her sentence and order the Bureau of Prisons to correct their calculation of her time.

3. As reflected in the court's order (ECF 1729) the court's reduction is not effective until November 1, 2015. Consequently the defendant's sentence of 170 months is not reduced until the court's order becomes effective on November 1, 2015. As a result the defendant's earliest release date with good time credit is November 1, 2015.

4. Pursuant to 18 U.S.C. 18 U.S.C. § 3624, the Bureau of Prisons determines an inmate's release date and any credit for good time. In particular, the BOP may award up to 54 days credit per year beginning at the end of the inmate's first year of imprisonment for "exemplary compliance" with institutional regulations. 18 U.S.C. §3624 (b); see also *Yi v. Federal Bureau of Prisons*, 412 F.3d 526 (4th Cir.2005)( the Bureau of Prison's interpretation of 18 U.S.C. § 3624, awarding good conduct time based on time served and not sentence imposed, was reasonable).

5. In order to meet the earliest release date of November 1, 2015, on February 24, 2015, the BOP recalculated the defendant's credit for time served and statutory release date[1]. In making this calculation, the BOP did not use the 170 month sentence which is in effect until November 1, 2015 but adjusted her sentence down to 156 months and 20 days which results in a statutory release date of November 1, 2015 which is the date her sentence will be reduced to 152 months.

6. Consequently, the BOP has not increased the defendant's sentence. Rather on November 1, 2015, her sentence will be reduced to 152 months as directed to the court and she will be released because through actual time served and credit for good time she will have satisfied the 152 month sentence.

---

[1] A copy of the Computation data is attached as Exhibit 1.

As there has not been an illegal increase in the defendant's sentence, her motion for amendment of sentence(ECF 1761) should be denied.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: \_\_\_\_\_/s/_____
Deborah Johnston
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing United States' Response to defendant's motion to amend sentence to be mailed first-class, postage-prepaid 1st day of April 2015, to the Petitioner at the following address:

Lavon Dobie
FMC-Carswell[1North]
P.O. Box 27137
Ft. Worth, Texas 76127

```
_____/s/_____
Deborah Johnston
```